**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

CARLOS MORENO
6036 66th Terrance North
Pinellas Park, FL 33781,

Plaintiff,

vs.

UNITED STATES OF AMERICA,
By and through the following:

US Department of Veteran's Affairs
Attn: Dr. David Shulkin
810 Vermont Ave NW
Washington, DC, US 20420

US Department of Justice
Attn: Jefferson Sessions, US Attorney General
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

US Attorney's Office
Attn: Channing D. Phillips, US Attorney
555 4th Street, NW
Washington, DC 20530

US Department of Defense
Attn: James Mattis, Secretary of Defense
1400 Defense Pentagon
Washington, DC 20301-1400

Department of the Navy
Attn: Mr. Sean Stackley, Acting Secretary of the Navy
1000 Navy Pentagon
Washington, DC 20310-1000

Defendant.

---

Plaintiff Carlos Moreno, by and through his undersigned attorneys, for his complaint herein, alleges as follows:

## I. INTRODUCTION

1. This is an action for judicial review of an improper administrative denial of disability benefits by the United States Navy to Plaintiff under the terms of the Servicemembers Group Life Insurance Traumatic Injury Protection Program (hereafter "TSGLI").

## II. JURISDICTION

2. Jurisdiction in this action is predicated upon 38 USC §1975, as well as under the terms of the TSGLI program, as any member who receives an adverse TSGLI decision may obtain judicial review in any United States District Court of competent jurisdiction.

## III. VENUE

3. Venue for this action is predicated upon a denial of TSGLI benefits to Plaintiff by the United States Department of the Navy. The Department of the Navy is one of the three Military Departments within the Department of Defense of the United States of America, an executive branch department of the federal government of the United States, under the control of the President of the United States of America as a part of the executive branch of the federal government, which is seated in the District of Columbia.

## IV. FACTUAL ALLEGATIONS

4. All allegations contained in the previous paragraphs are incorporated herein by reference.

5. The Servicemembers' Group Life Insurance Traumatic Injury Protection Program, also known as TSGLI, is a rider to the SGLI policy that provides a payment for service members injured as a result of a traumatic event.

6. TSGLI coverage was added to SGLI policies effective December 1, 2005. After December 1, 2005, all service members covered by SGLI are eligible for TSGLI coverage, regardless of where their qualifying traumatic injury occurred.

7. In addition, a retroactive program covers service members who sustained a qualifying traumatic injury while supporting Operation Enduring Freedom (OEF), Operation Iraqi Freedom (OIF), or while on orders in a Combat Zone Tax Exclusion (CTZE) area from October 7, 2001 through November 30, 2005.

8. For service members who suffer a qualifying loss as a result of a traumatic injury event, the Defendant will pay between $25,000 and $100,000, depending on the nature and severity of the qualifying loss.

9. The benefit is paid to the member, someone acting on the member's behalf if the member is incompetent, or the member's SGLI beneficiary if the member is deceased.

10. All service members covered under SGLI who experienced a traumatic event that directly results in a traumatic injury causing a scheduled loss defined under the program are eligible for a TSGLI payment.

11. Losses must meet a TSGLI standard in order to be eligible for a benefit payment. There are nine categories of losses covered as follows:

1) Sensory losses

2) Burns

3) Paralysis

4) Amputation

5) Limb Salvage

6) Facial Reconstruction

7) Activities of Daily Living (ADL)

8) Inpatient Hospitalization

9) Coma/TBI combined with another injury

12. If a service member submits an application for benefits, a medical professional must sign a Part B form to certify the medical information being provided. In so doing, a medical professional certifies that the applicant meets one or more of the TSGLI criteria stated above.

13. Additionally, a service member may furnish other documentary evidence in support of their claim, including medical records, reports, and written statements of caregivers who assisted the service member during the recovery from their injuries.

**a. <u>Plaintiff's Traumatic Injury and TSGLI Claim</u>**

14. All allegations contained in the previous paragraphs are incorporated herein by reference.

15. At all times pertinent hereto, Plaintiff was eligible for TSGLI benefits through his status as a service member of the United States Marine Corps.

16. In the instant case, Plaintiff sustained traumatic injuries on December 3, 2012, while on active duty in Okinawa, Japan, when a M777 Howitzer tire ran over and crushed his right foot.

17. As a result of that accident, Plaintiff was seriously injured, suffering multiple fractures in his right foot. Plaintiff required surgical repair to address. As a result of those traumatic injuries, Plaintiff was unable to safely perform certain activities of daily living (ADLs) for a period of over 120 days.

**b. Certification by a Medical Professional**

18. All allegations contained in the previous paragraphs are incorporated herein by reference.

19. In Plaintiff's case, a medical professional, Dr. Dennis Hopkins, certified his individual claim for an inability to independently perform ADLs of bathing and dressing during his recovery for a period of over 120 days, through a signed Part B form, certifying Plaintiff's qualification for TSGLI benefits.

20. On or about May 12, 2014, Plaintiff submitted his application for TSGLI benefits, including the signed Part B form provided by Dr. Dennis Hopkins, and other pertinent medical and documentary evidence.

**c. Caregiver Statement of Mrs. Kathleen Moreno**

21. All allegations contained in the previous paragraphs are incorporated herein by reference.

22. In addition to the other information supplied in the application and appeal process, Plaintiff furnished the caregiver statement of Mrs. Kathleen Moreno, Plaintiff's spouse, which outlined the physical assistance Plaintiff needed following his traumatic injury. Mrs. Moreno herself provided that assistance to Plaintiff during the period of time between December 3, 2012 and April 19, 2013 as he recovered from his traumatic injuries.

**d. Denial of Claim and Exhaustion of Administrative Appeals**

23. All allegations contained in the previous paragraphs are incorporated herein by reference.

24. Plaintiff has received three denials of his TSGLI claim by Defendant during the administrative agency review process.

25. In a letter from Defendant dated August 6, 2013 in response to Plaintiff's application for TSGLI benefits, Plaintiff's claim was denied on the basis that, "Your claim for the inability to perform activities of daily living (ADLs) due to traumatic injury (other than traumatic brain injury) was not approved because medical documentation provided does not indicate your loss met the minimum standards for TSGLI."

26. Plaintiff appealed the denial, and his claim was again denied in a letter from Defendant dated December 12, 2013, indicating that, "The available medical documentation did not support that you had at least two Activities of Daily Living (ADLs) for 120 days. Your Reconsideration claim was also reviewed by our Regimental Nurse who concurred that the medical documentation did not support a loss of at least two ADLs for 120 days due to OTI."

27. Plaintiff appealed his claim to Defendant through the Secretary of the Navy Council of Review Boards. In a letter dated December 22, 2015, Defendant again denied Plaintiff's claim on the basis that, "The TSGLI Procedural Guide establishes that for a claim to be paid the claimant must establish that he required assistance to perform at least two of six ADLs for a minimum of 30 consecutive days. Furthermore, it requires that if the member is able to perform the activity 'by using accommodating equipment (such as cane, walker, commode…), the patient is considered able to independently perform the activity.' The Appeals Board found that the preponderance of evidence does not support that Sergeant Moreno required assistance for two ADLs for a period of 120 days or more."

28. Defendant has standardized its claim denial practices in a manner that is arbitrary, capricious, unsupported by its own guidelines, and contrary to law.

29. Further, in this case Defendant's denial of Plaintiff's claim runs contrary to the preponderance of the evidence, or is otherwise unsupported by substantial evidence.

30. Defendant has denied Plaintiff's claim for TSGLI benefits because, among other reasons, it claims that Plaintiff's medical documentation does not indicate that the injury rendered Plaintiff incapable of performing ADLs pursuant to the TSGLI guidelines, in direct opposition to the opinion of a certifying medical professional who reviewed the same medical records. Defendant also ignored the caregiver statement of Mrs. Moreno which corroborated Plaintiff's ADL loss claim.

31. Defendant did not provide justification as to why the greater weight of the evidence did not support Plaintiff's eligibility for TSGLI benefits; give any reasons why the certifying medical professional's certification was not credible; address the caregiver statement of Mrs. Moreno attesting to her observations and provision of assistance to Plaintiff during his recovery; or provide reasonable or substantial evidence or medical opinion contradicting Plaintiff's claim for TSGLI benefits.

32. Defendant failed to approve Plaintiff's claim for benefits even though the Plaintiff meets the contractual and legal criteria for a payment of TSGLI benefits of $100,000 for his inability to safely bathe and dress for a period of over 120 days without assistance.

33. Defendant violated the relevant statutes and its own guidelines by denying Plaintiff's claim, and did not reasonably or adequately advise Plaintiff of the bases for denial, including provision of loss codes.

34. Plaintiff has thereby suffered an unwarranted denial of TSGLI benefits by Defendant, which are due under the TSGLI program.

## CLAIMS FOR RELIEF

35. All allegations contained in the previous paragraphs are incorporated herein by reference.

36. Plaintiff herewith requests judicial review and reversal of Defendant's denial of his claim for TSGLI benefits, based, *inter alia*, upon Defendant's

a. failure to pay benefits due and owing under the TSGLI program, as outlined elsewhere herein;

b. failure to identify reasons for the denial of benefits under the applicable guidelines, including omission of loss codes and/or any other adequate basis for its decision; and

c. addition of additional unauthorized criteria for TSGLI claims.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

a. an order overriding Defendant's wrongful denial of TSLGI benefits to Plaintiff, with remand and instruction to find consistent with the Court's order, outlining the benefit eligibility/entitlement of Plaintiff under the TSGLI program based on the evidence in the record, and to do so within a specified deadline so as to prevent unjust delay, or timely compliance with the Court's order;

b. an award of interest, costs and attorneys' fees as provided by statute;

c. an award of attorneys' fees as provided by statute and code, including The Equal Access to Justice Act, 5 U.S.C. § 504; 28 U.S.C. §2412; and

d. such other relief as the Court deems just and proper.

Dated: June 8, 2017

Respectfully submitted,

Jake R. Jagdfeld (#MN0002)
Johnson Becker, PLLC
444 Cedar Street, Suite 1800
Saint Paul, MN 55101
Telephone: (612) 436-1810
Facsimile: (612) 436-1801

Attorneys for Plaintiff